IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSE LOPEZ, § | |
| #028524148, § | |
|     Petitioner, § | |
| § | |
| v. § | No. 3:22-cv-02404-K (BT) |
| § | |
| WARDEN, et al., § | |
|     Respondents. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Jose Lopez filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement (ICE) at the Prairieland Detention Center in Alvarado, Texas, while awaiting his removal from the United States. *See* Pet. (ECF No. 3.) The District Court referred the matter to the United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should DISMISS the petition as moot.

I.

Lopez is a native and citizen of Nicaragua. *See* Pet. 1, 2, 6 (ECF No. 3); Resp. 1 (ECF No. 6). By his petition, he challenges his continued detention by ICE pursuant to a final order of removal, and he seeks release from ICE custody. Pet. 1 (ECF No. 3); Resp. 1 (ECF No. 6). However, Lopez was

1

removed from the United States on December 15, 2022. Resp. 1 (ECF No. 6) (citing Ex. A).

II.

A case becomes moot "if an event occurs during the pendency of the action that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology v. United States*, 506 U. S. 9, 12 (1992) (citing *Mills v. Green*, 159 U.S. 651, 653 (1895)); *United States v. Jackson, 771 F. 3d 900, 903 (5th Cir. 2014)*. By his petition here, Lopez challenges his continued detention by ICE. But Lopez was removed from the United States on December 15, and he is in no longer in ICE custody. His removal rendered his petition moot. For this reason, the Court should dismiss his petition as moot. See *Morales-Morales v. Barr*, 933 F.3d 456, 462 (5th Cir. 2019) ("Because Morales-Morales is no longer detained and has already been deported, her challenge to her detention is moot.") (citing *Chay v. Holder*, 470 F. App'x 406, 407 (5th Cir. 2012) (per curiam) ("Even if the district court retained subject matter jurisdiction over Chay's § 2241 petition to the extent that it challenged the continued lawfulness of Chay's post-removal-order detention, and not an order of removal, any such challenge is now moot because Chay has been removed from the United States.") (internal citation omitted)); *see also Hamisy v. Barr*, 2021 WL 863209, at *2 (N.D. Tex. Feb. 11, 2021) (finding Petitioner's removal from the United States rendered his challenge to detention moot) (citing and

quoting *Morales-Morales,* 933 F.3d at 462), *rec. adopted* 2021 WL 859136 (N.D. Tex. Mar. 8, 2021); *Jubril v. DHS/ICE,* 2021 WL 955249, at *2 (N.D. Tex. Feb. 11, 2021) (same) (citing and quoting *Morales-Morales,* 933 F.3d at 462), *rec. adopted* 2021 WL 951018 (N.D. Tex. Mar. 12, 2021).

III.

The Court should DISMISS Lopez's petition as moot.

SO RECOMMENDED.

Signed December 21, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F. 3d 1415, 1417 (5th Cir. 1996)